UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X     For Online Publication Only

ANTHONY VILLAFANE, #04-A-6846,

 

                             Plaintiff,     **MEMORANDUM &
ORDER**

       -against-     16-CV-5434 (JMA)(SIL)

                                      **FILED**

THOMAS J. SPOTA, III,     **CLERK**

                                      2/16/2017 12:58 pm

                       Defendant.     **U.S. DISTRICT COURT**

-------------------------------------------------------------------X     **EASTERN DISTRICT OF NEW YORK**

**AZRACK, United States District Judge:**     **LONG ISLAND OFFICE**

On September 19, 2016, incarcerated pro se plaintiff Anthony Villafane filed a complaint

in this Court against the Suffolk County District Attorney Thomas J. Spota, III pursuant to 42

U.S.C. § 1983, alleging a deprivation of his constitutional rights.   Accompanying the complaint is

an application to proceed in forma pauperis.   The Court grants plaintiff's request to proceed in

forma pauperis and sua sponte dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii),

1915A(b)(1) for the reasons that follow.

## I.    BACKGROUND[1]

Plaintiff seeks to challenge his 2004 criminal conviction, claiming that he is actually

innocent of murder in the first degree.[2]   (Compl. at 4(a), ECF No. 1.)   According to the

---

[1]All material allegations in the complaint are assumed to be true for the purpose of this Order.   See, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (holding that in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

[2]  The Court takes judicial notice that, on December 15, 2004, a judgment of conviction was entered against plaintiff in the County Court of the State of New York, Suffolk County, upon a jury verdict finding him guilty of murder in the first degree and murder in the second degree.   By Order dated February 19, 2008, the Supreme Court of the State of New York, Appellate Division, Second Judicial Department, modified the judgment by vacating the conviction of murder in the second degree but otherwise affirmed the judgment.   Plaintiff filed a petition in this Court seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 7, 2009, and the petition was denied in its entirety by Opinion and Order dated November 17, 2011.   (Villafane v. Artus, No. 09-CV-5545, ECF No. 34.)   Plaintiff filed an appeal of the denial of his petition for a writ of habeas corpus and, by Mandate issued July 6, 2012, the United

complaint, "plaintiff is serving a life without parole sentence" even though "there is DNA evidence that has never been tested and could prove plaintiff's innocence." (Id.) Plaintiff seeks to compel the defendant to provide him "access to that evidence for purposes of forensic DNA testing." (Id.) More specifically, plaintiff seeks "access to the gun recovered from the scene of the murders and never before tested" because plaintiff contends the results of DNA testing "might be exculpatory." (Id.) Plaintiff has annexed to his complaint a copy of a June 3, 2015 Decision and Order from the Supreme Court of the State of New York, Appellate Division, Second Department wherein the denial of the plaintiff's request for DNA testing of certain evidence by the Supreme Court, Suffolk County was affirmed. (Id. at 11.) Plaintiff has also annexed a copy of the August 14, 2015 Order from the New York State Court of Appeals denying leave to appeal the June 3, 2015 Order. (Id. at 10.)

For relief, plaintiff seeks, among other things, to compel DNA testing "on the smudged prints found on the gun," as well as copies of laboratory reports, phone records, autopsy photographs of the victim, and the grand jury testimony of several witnesses. (Id. ¶ III.)

## II. DISCUSSION

### A. In Forma Pauperis Application

Upon review of plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed in forma pauperis is granted.

### B. Standard for Dismissal

The Prison Litigation Reform Act requires a district court to screen a civil complaint

---

States Court of Appeals for the Second Circuit dismissed the appeal because "[a]ppellant ha[d] not made a substantial showing of the denial of a constitutional right." (Mandate dated July 6, 2012, id., ECF No. 37 (internal quotation marks and citation omitted).)

brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the in forma pauperis statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a).

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers . . . ." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). A court is required to read the plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. While "'detailed factual

allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

**C.      Standard for § 1983 Claims**

Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.   Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).   In order to state a § 1983 claim, a plaintiff must allege two essential elements.   First, the conduct challenged must have been "committed by a person acting under color of state law . . . ." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)).   Second, the conduct complained of "must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

1.      Plaintiff's Facial Challenge to New York's Postconviction Procedures

In Dist. Attorney's Office for the Third Judicial Dist. v. Osborne, the United States Supreme Court made clear that a prisoner has a limited liberty interest in obtaining evidence for postconviction DNA testing.   557 U.S. 52, 68–69 (2009).   That case, similar to this one, involved a prisoner's § 1983 claim seeking access to postconviction DNA testing. Id.   Although a civil action brought pursuant to § 1983 is a proper vehicle for a convicted prisoner seeking access to potentially exculpatory DNA evidence, Skinner v. Switzer, 562 U.S. 521, 534 (2011), the Supreme

4

Court in <u>Osborne</u> "rejected the idea that there is a 'freestanding . . . constitutional right of access' to such evidence." <u>Gonzalez v. Vance</u>, 13-CV-0498, 2014 WL 787853, *3 (S.D.N.Y. Feb. 27, 2014) (quoting <u>Osborne</u>, 557 U.S. at 56).

Rather, the Court considered whether plaintiff had a liberty interest "in demonstrating his innocence with new evidence under state law" and concluded that he did. <u>Osborne</u>, 557 U.S. at 68. Having determined that a liberty interest existed, the Court next considered what process was due to protect that interest. Because Osborne was seeking postconviction relief, the Court analyzed his claim under a deferential standard, and held that a state's procedures are constitutionally inadequate "only if they are fundamentally inadequate to vindicate the substantive rights provided." <u>Id.</u> at 69. The <u>Osborne</u> Court concluded that there was "nothing inadequate" about the state's procedures on postconviction relief in general, or as applied to those who sought DNA evidence in particular. <u>Id.</u>. Accordingly, the Court rejected Osborne's § 1983 claim.

Here, New York's procedures govern plaintiff's access to DNA evidence. Like the plaintiff in <u>Osborne</u>, the plaintiff here has a "state-created liberty interest in demonstrating his innocence with newly discovered evidence . . . ." <u>McKithen v. Brown</u>, 626 F.3d 143, 152 (2d Cir. 2010) (internal quotation marks and citation omitted). New York Criminal Procedure Law §§ 440.10(1)(g) and (g-1) permit a prisoner to bring a petition challenging his conviction on the basis of newly available evidence, including "[f]orensic DNA testing of evidence." Accordingly, the question for this Court is whether New York's procedures for vindicating that liberty interest are adequate. The Second Circuit, relying on <u>Osborne</u>, has already held that they are. <u>See</u> <u>McKithen</u>, 626 F.3d at 152–54. Because the procedures set forth in the New York Criminal Procedure Law are less restrictive than those upheld in <u>Osborne</u>, the <u>McKithen</u> Court concluded that the New York procedures were constitutionally adequate. <u>Id.</u> at 154. Thus, "<u>McKithen</u>

establishes that New York's procedures do not violate plaintiff's federal rights." Gonzalez, 2014 WL 787853 at *4. Because New York has a constitutisonally adequate procedure, plaintiff does not have a plausible § 1983 claim based on a facial challenge to those procedures. Accordingly, the Court dismisses plaintiff's § 1983 pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

    2.     The Rooker-Feldman Doctrine Bars Plaintiff's Claims

It is unclear from the complaint whether plaintiff not only challenges the adequacy of New York's postconviction procedures, but also the application of those procedures to him. To the extent that plaintiff seeks to challenge the New York courts' decisions denying his request for DNA testing of certain evidence, this Court lacks subject matter jurisdiction to consider such claims under the Rooker-Feldman doctrine.

The Rooker-Feldman doctrine designates the United States Supreme Court as the only federal court that may hear an appeal from a state-court judgment, Rooker v. Fid. Trust Co., 263 U.S. 413, 415–16 (1923), and denies all other federal courts jurisdiction over claims that are "inextricably intertwined" with a prior determination issued by a state court, D.C. Court of Appeals v. Feldman, 460 U.S. 462, 483 n.16 (1983). In 2005, the Supreme Court confined this doctrine to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). In light of Exxon Mobil, the Second Circuit announced a set of four requirements that must be met for the Rooker-Feldman doctrine to apply:

> First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by a state-court judgment. Third, the plaintiff must invite district court review and rejection of that judgment. Fourth, the state-court judgment must have been rendered before the district court proceedings commenced.

Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005) (internal quotation marks omitted). "As the Second Circuit and other courts have held, an as-applied challenge to a denial of post-conviction DNA testing 'meets each of Rooker-Feldman's four elements.'" Gonzalez, 2014 WL 787853 at *5 (quoting McKithen, 626 F.3d at 154–55). Here, plaintiff lost in state court and has annexed to his complaint copies of the 2015 orders from the Supreme Court of the State of New York, Appellate Division, Second Department and the New York State Court of Appeals. (See Compl. at 10–11.) Since these 2015 decisions predate the September 19, 2016 filing of the instant complaint, the challenged state court decisions were issued before the proceedings in this Court commenced. Furthermore, in asking this Court to grant postconviction relief, plaintiff invites this Court to review and reject the state court decisions denying such relief. Therefore, to the extent plaintiff's complaint seeks to challenge the state court decisions applying the state law procedures to him, such claims are barred by the Rooker-Feldman doctrine and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

**D.** **Leave to Amend**

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks and alterations omitted)). Indeed, a pro se plaintiff who brings a civil rights action, "should be 'fairly freely' afforded an opportunity to amend his complaint . . . ." Boddie v. N.Y. State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)). Yet, "while pro se plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

Here, the court has carefully considered whether plaintiff should be granted leave to amend his complaint. Given that the deficiencies in plaintiff's claims could not be cured in an amended complaint, leave to amend the complaint would be futile. Accordingly, the Court denies plaintiff leave to amend his complaint.

### III. CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed in forma pauperis is granted, but plaintiff's claims are sua sponte dismissed for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). The Clerk of the Court is directed to close this case and to mail a copy of this Order to the pro se plaintiff at his last known address.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).


**SO ORDERED.**                                             /s/ (JMA)
                                                            Joan M. Azrack
Dated:   February 16, 2017                                  United States District Judge
         Central Islip, New York